IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| **SAN JUANA RODRIGUEZ** § | |
| *Plaintiff,* § | |
| VS. § | CIVIL ACTION NO. 7:20-cv-00143 |
| § | |
| **WAL-MART STORES TEXAS, L.L.C., et al** § | |
| *Defendants* § | |

### PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE:

COMES NOW, **SAN JUANA RODRIGUEZ**, Plaintiff, and hereby complains of **WAL-MART STORES TEXAS, L.L.C., and WAL-MART,** Defendants, and for cause of action files her **PLAINTIFF'S SECOND AMENDED COMPLAINT** and states the following:

### I.
### DISCOVERY PLAN

1.0  Plaintiff intends to conduct discovery in accordance with the Court's Discovery Control Management Plan and/or Scheduling Order.

### II.
### PARTIES

2.01  Plaintiff**. SAN JUANA RODRIGUEZ** resides in Alamo, Hidalgo County, Texas.

2.02  Defendant, **WAL-MART STORES TEXAS, L.L.C.,** is a business entity doing business in Texas. Defendant has been served with process, has filed an answer and is before the Court for all purposes.

2.03  Defendant, **WAL-MART,** is a business entity doing business in Texas. Defendant has been served with process, has filed an answer and is before the Court for all purposes.

## III.
## VENUE

3.01   Jurisdiction is proper in that the amount in controversy greatly exceeds the minimum jurisdictional requirements of this Court.

3.02   Pursuant to FRCP 12, venue is proper in the Federal Court of the Southern District of Texas, McAllen Division, in that all or part of this cause of action accrued in the Southern District of Texas.

## IV.
## FACTUAL BACKGROUND

4.01   On or about February 25, 2018, Plaintiff, **SAN JUANA RODRIGUEZ,** was a customer in Defendants, **WAL-MART STORES TEXAS, L.L.C.'S and WALMART'S** store number 5809 at 2812 S Expressway 281, Edinburg, Texas 78542. As a result of Defendants **WAL-MART STORES TEXAS, L.L.C.'s** and **WALMART.,** holding open its premises for business in this manner and as a result of the purpose of Plaintiff **SAN JUANA RODRIGUEZ'** visit to such premises, Plaintiff, **SAN JUANA RODRIGUEZ**, was at all times an invitee as that phrase is known in the law. Plaintiff, **SAN JUANA RODRIGUEZ,** was heading towards the check-out lane, passing by the jewelry department when she slipped due to a white liquid on the floor. As a result of Plaintiff's fall, she suffered serious bodily injuries, permanent impairment, past and present medical expenses and future medical expenses.

4.02   PLAINTIFF sought and received medical attention for her injuries.  All of such medical expenses and damages were foreseeable and were proximately caused by the acts and/or omissions on the part of Defendants herein, or on one or more of their agents, employees or representatives.

4.03    At the time and on the occasion made the basis of this Second Amended Complaint, Plaintiff **SAN JUANA RODRIGUEZ** was an invitee on the premises of Defendants **WAL-MART STORES TEXAS, L.L.C, and WAL-MART.** Plaintiff had gone there for the purpose of purchasing items.

4.04    During the course of Plaintiff's visit on Defendant's premises, Plaintiff **SAN JUANA RODRIGUEZ**, was caused to suffer injury to a white liquid on the floor by employees, agents and/or representatives of Defendants **WAL-MART STORES TEXAS, L.L.C, and WAL-MART.** The white liquid on the floor created an unreasonably dangerous condition on the premises of Defendant **WAL-MART STORES TEXAS, L.L.C, and WAL-MART** knew or should have known of the unreasonably dangerous condition and neither corrected nor warned the Plaintiff **SAN JUANA RODRIGUEZ** of it. Plaintiff **SAN JUANA RODRIGUEZ** did not have any knowledge of the unreasonably dangerous condition and could not have reasonably been expected to discover it. The failure to correct the condition or to warn Plaintiff **SAN JUANA RODRIGUEZ** by Defendants **WAL-MART STORES TEXAS, L.L.C, and WAL-MART**, constituted negligence, and such negligence was a proximate cause of the occurrence made the basis of this Second Amended Complaint and the Plaintiff's resulting injuries and damages. Plaintiff's conduct was reasonable and prudent at all times and did not in any way contribute to the incident and ensuing injuries suffered by Plaintiff **SAN JUANA RODRIGUEZ.**

## V.
## NEGLIGENCE OF DEFENDANT
## WAL-MART STORES TEXAS, L.L.C

5.01    At all times mentioned herein, DEFENDANT owned and controlled the property located at located at 2812 s. Expressway 281, Edinburg, Hidalgo County, Texas 78542.

**SAN JUANA RODRIGUEZ vs. WAL-MART**
**SECOND AMENDED COMPLAINT**

5.02   At all times mentioned herein, DEFENDANT had and exercised control over the premises.  DEFENDANT'S negligence proximately caused PLAINTIFF'S injuries and damages set forth herein.

5.03   Plaintiff brings this Second Amended Complaint to recover for bodily injuries, personal injuries, medical expenses, and other damages, sustained by Plaintiff as a result of an unreasonably dangerous condition on the premises of Defendant **WAL-MART STORES TEXAS, L.L.C**.  Defendant **WAL-MART STORES TEXAS, L.L.C,** was guilty of acts and/or omissions which constituted negligence.

5.04   Agents, employees or representatives were in the course and scope of their employment with DEFENDANT **WAL-MART STORES TEXAS, L.L.C.**  Defendant **WAL-MART STORES TEXAS, L.L.C,** negligently permitted a soda box to be improperly placed on the floor and to remain on the floor and negligently or willfully allowed such condition to occur and continue.  DEFENDANT negligently or willfully failed to warn Plaintiff of the unreasonably dangerous condition that was on the floor.  This unreasonably dangerous condition existed despite the fact that DEFENDANT knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to PLAINTIFF.

5.05   Furthermore, PLAINTIFF would show that the unreasonably dangerous condition on the floor had continued for such period that had DEFENDANT exercised ordinary care in the inspection and product displays on the floor surface area, DEFENDANT would have discovered and corrected the unreasonably dangerous condition.

**SAN JUANA RODRIGUEZ vs. WAL-MART**
**SECOND AMENDED COMPLAINT**

5.06    At all times pertinent herein, agents, employees or representatives of DEFENDANT, who were acting in the scope of their employment, were guilty of negligent conduct toward the PLAINTIFF in the following particulars:

1. Defendant failed to maintain a safe premises for its patrons;

2. Defendant failed to inspect the premises for potential hazards which could result in damages to its patrons;

3. Defendant failed to maintain the premises to avoid potential hazards to its patrons;

4. Defendant failed to warn its patrons, including Plaintiff, of potential hazards;

5. Defendant knew or should have known of the hazard on its premises and did nothing to correct it.

6. Failing to discover and remove the improperly placed soda box from the floor within a reasonable time;

7. Failing to cordon the unreasonably dangerous area so that invitees such as Plaintiff would not trip on it; and

8. Failing to place an employee in the area of the unreasonably dangerous condition in order to warn invitees such as Plaintiff.

5.07    Additionally, Defendant knew or should have known of the unreasonably dangerous condition on its premises and did nothing to correct it.

5.08    As a proximate result of DEFENDANT'S negligence, PLAINTIFF suffered injuries and damages as set forth herein.

## VI.
## NEGLIGENCE OF DEFENDANT WAL-MART

6.01    At all times mentioned herein, DEFENDANT owned and controlled the property located at located at 2812 S. Expressway 281, Edinburg, Hidalgo County, Texas 78542.

**SAN JUANA RODRIGUEZ vs. WAL-MART**
**SECOND AMENDED COMPLAINT**

6.02   At all times mentioned herein, DEFENDANT had and exercised control over the premises.  DEFENDANT'S negligence proximately caused PLAINTIFF'S injuries and damages set forth herein.

6.03   Plaintiff brings this Second Amended Complaint to recover for bodily injuries, personal injuries, medical expenses, and other damages sustained by Plaintiff as a result of an unreasonably dangerous condition on the premises of Defendant **WAL-MART**.  Defendant **WAL-MART** was guilty of acts and/or omissions which constituted negligence.

6.04   Agents, employees or representatives were in the course and scope of their employment with DEFENDANT **WAL-MART**.  Defendant **WAL-MART** negligently permitted a soda box to be improperly placed on the floor and to remain on the floor and negligently or willfully allowed such condition to occur and continue.  DEFENDANT negligently or willfully failed to warn Plaintiff of the unreasonably dangerous condition that was on the floor.  This unreasonably dangerous condition existed despite the fact that DEFENDANT knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to PLAINTIFF.

6.05   Furthermore, PLAINTIFF would show that the unreasonably dangerous condition of the floor had continued for such period that had DEFENDANT exercised ordinary care in the inspection and product displays on the floor surface area, DEFENDANT would have discovered and corrected the unreasonably dangerous condition.

6.06   At all times pertinent herein, agents, employees or representatives of DEFENDANT, who were acting in the scope of their employment, were guilty of negligent conduct toward the PLAINTIFF in the following particulars:

**SAN JUANA RODRIGUEZ vs. WAL-MART**
**SECOND AMENDED COMPLAINT**

  1. Defendant failed to maintain a safe premises for its patrons;

  2. Defendant failed to inspect the premises for potential hazards which could result in damages to its patrons;

  3. Defendant failed to maintain the premises to avoid potential hazards to its patrons;

  4. Defendant failed to warn its patrons, including Plaintiff of potential hazards;

  5. Defendant knew or should have known of the hazard on its premises and did nothing to correct it.

  6. Failing to discover and remove the improperly placed soda box from the floor within a reasonable time;

  7. Failing to cordon the unreasonably dangerous area so that invitees such as Plaintiff would not step on it; and

  8. Failing to place an employee in the area of the unreasonably dangerous condition in order to warn invitees such as Plaintiff.

6.07 Additionally, Defendant knew or should have known of the unreasonably dangerous condition on its premises and did nothing to correct it.

6.08 As a proximate result of DEFENDANT'S negligence, PLAINTIFF suffered injuries and damages as set forth herein.

## VII.

### VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

7.01 PLAINTIFF will show that at the time of the incident made basis of this lawsuit, Defendants **WAL-MART STORES TEXAS, L.L.C, and WAL-MART** as respective owners and/or controllers of their respective premises and products, acting by and through their respective agents, employees or representatives, had actual or constructive knowledge of the unreasonably dangerous condition since a reasonably careful inspection would have so revealed. Defendants

failed to warn PLAINTIFF of the unreasonably dangerous area where the soda box was improperly placed on the floor so that PLAINTIFF would not trip on it.

7.02   PLAINTIFF further alleges that it should have been reasonable and foreseeable to Defendants that an invitee might enter onto the premises, trip and fall, and suffer bodily injuries.

7.03   Additionally, and without waiving the foregoing, PLAINTIFF would show that Defendants had exclusive control of their respective store and soda boxes located in the unsafe and unreasonably dangerous area. Plaintiff's injuries would not have occurred in the ordinary course of events without the negligence on the part of Defendants. Defendants' employees, agents, or representatives were acting in the course and scope of their employment. Defendants should be held liable and responsible for the incident made the basis of this Second Amended Complaint and for the actions and/or omissions of their respective employees, agents, or representatives. The incident PLAINTIFF complains of would not have occurred in the ordinary course of events without the negligence of Defendants and/or their respective agents, employees or representatives under Respondeat Superior and Vicarious Liability.

7.04   Based on the acts and/or omissions stated in the foregoing paragraphs herein, each of the listed acts and/or omissions, singularly or in concert, constituted negligence on the part of each Defendant, and said negligence was the proximate cause of the incident made basis of this lawsuit and the resulting injuries and damages incurred and suffered by PLAINTIFF.

## VIII.
## PLAINTIFF SAN JUANA RODRIGUEZ IS AN INVITEE

8.01   At the time and on the occasion made the basis of this Second Amended Complaint, Plaintiff **SAN JUANA RODRIGUEZ** was an invitee on the premises of Defendants **WAL-**

**MART STORES TEXAS, L.L.C, and WAL-MART.** Defendants held the store open to the public. Plaintiff went into the store to purchase Defendants' products.

8.02   During the course of Plaintiff's visit on Defendant's premises, Plaintiff SAN JUANA RODRIGUEZ was caused to suffer bodily injuries by the improperly placed soda box on the floor in the store. Defendants knew or should have known of the unreasonably dangerous condition and neither corrected nor warned the Plaintiff SAN JUANA RODRIGUEZ of it. Plaintiff SAN JUANA RODRIGUEZ did not have any knowledge of the unreasonably dangerous condition and could not have reasonably been expected to discover it. The failure of Defendants to correct the condition or to warn Plaintiff SAN JUANA RODRIGUEZ constituted negligence, and such negligence was a proximate cause of the occurrence made the basis of this Second Amended Complaint and the Plaintiff's resulting injuries. Plaintiff's conduct was reasonable and prudent at all times and did not in any way contribute to the incident and ensuing injuries suffered by her.

## IX.
## INJURIES TO PLAINTIFF SAN JUANA RODRIGUEZ

9.01   Plaintiff **SAN JUANA RODRIGUEZ** sustained the following serious bodily injuries as a direct and proximate result of the Defendant's negligence:

    a.   Left knee pain;

    b.   Mid-back pain;

    c.   Low back pain;

    d.   Neck pain and,

    e.   Plaintiff **SAN JUANA RODRIGUEZ** suffered injuries to her body in general.

## X.
## DAMAGES TO PLAINTIFF SAN JUANA RORIGUEZ

10.01   As a direct and proximate result of the negligence of Defendants as alleged herein, Plaintiff suffered the following damages:

  a.   Past medical expenses in the amount in excess of the jurisdictional limits of the Court;

  b.   Future medical expenses in excess of the minimum jurisdictional limits of the Court;

  c.   Past and future physical impairment in excess of the minimum jurisdictional limits of the Court;

  d.   Past and future pain and suffering in excess of the minimum jurisdictional limits of the Court; and

  e.   Past and future mental anguish in excess of the minimum jurisdictional limits of the Court.

  f.   Embarrassment, humiliation and shame resulting from the incident made the basis of this lawsuit.

## XI.
## FEDERAL RULE OF CIVIL EVIDENCE 613 WITNESS STATEMENT

11.01   Plaintiff, **SAN JUANA RODRIGUEZ**, intends to use all documents and statements produced by Defendant(s) in discovery.

## XII.
## FEDERAL RULE OF EVIDENCE 404, 405 AND 608; REQUEST FOR NOTICE

12.01   Pursuant to Federal Rules of Evidence 404, 405 and 608, Plaintiff **SAN JUANA RODRIGUEZ**, requests Defendants provide written notice of their intent to admit a criminal conviction, as defined in Rules 404, 405 and 608, against any witness or any witness or testifying expert witness relied upon at least 100 days before the end of the discovery period.

**SAN JUANA RODRIGUEZ vs. WAL-MART**
**SECOND AMENDED COMPLAINT**

## XIII.
## RESERVATIONS OF RIGHTS AND RIGHT TO AMEND

13.01   Because of the nature and complexity of this incident, Plaintiff **SAN JUANA RODRIGUEZ**, reserves the right to prove the amount of damages at trial and the right to amend her pleadings to add or omit as appropriate, claims, allegations, causes of action, grounds for recovery, parties and damages as discovery continues.

## XIV.

14.01   Plaintiff requests pre-judgment and post-judgment interest as allowed by law.

## JURY DEMAND

15.01   Pursuant to 38, Federal Rules of Civil Procedure, Plaintiff requests a trial by jury as to all issues of fact presented herein.

## PRAYER FOR RELIEF

**FOR THE REASONS STATED**, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein and that Plaintiff, upon final trial of this cause, have judgment against Defendants, jointly and severely, in an amount in excess of the minimum jurisdictional limits of this Court, for costs of Court, pre-judgment and post-judgment interest at the highest legal rate, for the recovery of actual damages, and for such other and further relief, both special and general, to which Plaintiff may be entitled, in that of law and equity.

**Respectfully Submitted,**

**JESUS SOTELO & ASSOCIATES, PLLC**
**Attorney At Law**
**P.O. Box 701**
**Donna, Texas 78537**
**Tel.: (956) 283-8484**

*/s/ Jesus Sotelo*_____
**JESUS SOTELO**
**Federal Bar: 14234**
**Texas Bar: 18855725**
**JSTL256@MSN.COM**
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record, via Electronic E-Mail and Regular E-Mail Services on the 11th day of September, 2020.

*Via-Email: jdrabek@dawray.com*
*Via-Email: rbenavides@dawray.com*
Mr. Jaime A. Drabek
Mr. Ricardo G. Benavides
Daw & Ray, L.L.P.
3900 North 10th Street, Suite 950
McAllen, Texas 78501
***ATTORNEYS FOR DEFENDANTS***

*/s/ Jesus Sotelo*_____
**JESUS SOTELO**